**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>V.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 13-cv-11503<br><br>**CHIPOTLE'S RESPONSE TO EEOC'S MOTION TO QUASH THIRD-PARTY SUBPOENAS** |

Defendant, Chipotle Mexican Grill, Inc., submits this response in opposition to the EEOC's Motion to Quash third-party subpoenas, and states as follows:

## INTRODUCTION

Chipotle is a restaurant chain that depends on its employees to provide excellent customer service. The EEOC brings this lawsuit on behalf of Amanda Connell, a former employee of Chipotle. Connell revealed she had a medical condition before Chipotle hired her. During her employment, Connell was impatient and rude to customers. She was given a verbal warning about her poor customer service. Then, she was given a written warning. Immediately after a third customer complaint, Chipotle terminated Connell. Connell's termination was recommended by the same individual who hired her.

The EEOC seeks to recover lost pay and benefits from Chipotle due to Connell's termination. Chipotle must defend itself, in part, by demonstrating that Connell failed to mitigate her damages. To do so, Chipotle intends to retain an expert economist to testify regarding the jobs Connell was qualified to perform, the jobs available during Connell's term of

unemployment, a calculation of the wages and benefits she earned, and an assessment as to when she did or should have fully mitigated. To do so, Chipotle needs Connell's applications, resumes, dates of employment, and earnings statements from her other employers. Chipotle served subpoenas to obtain these specific documents, which the EEOC is attempting to quash.

The EEOC's motion should be denied because Chipotle provided the EEOC with prior notice as required by Fed. R. Civ. P. 45, and the information sought by each subpoena is narrowly tailored to lead to the discovery of admissible evidence.

## ARGUMENT

**A.     CHIPOTLE PROVIDED PROPER NOTICE OF THE SUBPOENAS**

The EEOC's argument that the subpoenas should be quashed because it did not receive notice is unsupported. Fed. R. Civ. P. 45(a)(4) merely requires that "before [a subpoena] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." On January 20, 2014, prior to serving the subpoenas, Chipotle electronically served the EEOC with a separate notice of service for each of the subpoenas issued. See EEOC's Exhibit A. Rule 45 does not require that notice be delivered during certain days of the week or during certain hours. Even so, Chipotle served the EEOC with Notice during its counsel's work day and during its counsel's business hours (there is a two-hour time difference between the parties). The subpoenas were served in the days that followed the notice. See Certificates of Service attached as **Exhibit 1**. Fed. R. Civ. P. 45(a)(4) requires notice prior to the issuance of subpoenas, which was plainly given here.

Moreover, the EEOC cites no authority justifying a motion to quash based on an opposing party desiring lengthier notice of a subpoena.[1] Instead, the EEOC cites authority stating that the purpose of providing prior notice is to allow the opposing party to object to the subpoena—an option that the EEOC is currently exercising. The EEOC has the same ability to file the instant motion regardless of whether it receives one, fourteen, or 365 days of notice—none of which is required by the plain language of Rule 45. Chipotle complied with the notice provision of Rule 45, and the subpoenas should be addressed on their merits.

**B.     CHIPOTLE'S SUBPOENAS SEEK DOCUMENTS THAT ARE REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE**

The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 *8 (S.D. Fla. Dec. 10, 2007). Accordingly, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. . . . if material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of subpoena." *Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind. 1993).

Here, the information sought by Chipotle is relevant, is likely to lead to admissible evidence, and is essential to resolving the current litigation. Chipotle has requested Connell's "complete personnel file and wage records, as well as any other records pertaining to her employment or efforts to gain employment, including, but not limited to, any and all applications or résumés submitted by" Connell. Through this lawsuit, the EEOC is seeking back and front

---

[1] The EEOC improperly cites to *Murphy v. Board of Ed. of the Rochester City Sch. Dist.*, 196 F.R.D. 220, (222-23 (W.D.N.Y 2000) for its position, but in that case, a party served 12 subpoenas and gave <u>no notice whatsoever</u> to her opposing counsel. Here, notice was plainly given, but the EEOC takes issue with the length of the notice.

wages for Connell. The records sought by Chipotle relate directly to the issue of lost wages, or lack thereof. Connell's applications and resumes will show Connell's qualifications for employment, and efforts to obtain employment, which will be an essential tool for an economist to determine what jobs Connell was qualified for and how many of those jobs were available to support Chipotle's defense of failure to mitigate. Access to her personnel files is essential to determining both her start and end dates for the calculation of wages, confirming her reasons for leaving employment, and to determining whether those reasons limit Chipotle's liability for lost future wages.

"When the discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objection by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Barrington*, 2007 U.S. Dist. LEXIS 90555 at *10. To meet its burden, EEOC must "specifically detail the reasons why each request is irrelevant," which it has failed to do. *Shaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D.Ill. 1990).

Instead, the EEOC cites cases that are inapposite to the subpoenas at issue. In *Jones v. St. John's Health Systems*, 2007 U.S. Dist. LEXIS 63274, (S.D. Ind. Aug. 27, 2007), the subpoena was found to be overbroad because it requested information dating back five years. *Jones* is irrelevant to the language in Chipotle's subpoenas. *Barrington v. Mortgage IT, Inc.*, 207 WL 4370647 (S.D. Fla. Dec. 10, 2007) is also unsupportive in that it involved an FLSA case in which the defendant claimed the plaintiffs were exempt. The Court held that subpoenas to other

employers regarding the plaintiffs' job duties were irrelevant to the plaintiffs' job duties while employed with the defendant. *Barrington* is not instructive here. The EEOC also cites *Richards v. Convergys Corp.*, 2007 WL 474012 (D. Utah Feb. 7, 2007), in which a court found that a subpoena requesting "all documents in your possession or control" was overbroad on its face. Here, Chipotle tailored its subpoena to seek, specifically, wage records, applications and resumes. *Richards* is inapposite here.

The EEOC suggests that the wage documents requested are unnecessary because the EEOC intends to produce any W-2s it receives from Connell. Apparently the EEOC's position is that Chipotle must depend on third-parties to voluntarily provide documents to Connell, who will then give those documents to the EEOC, who will then give only the documents that the EEOC believes are relevant, in its sole discretion, to Chipotle. The EEOC proposes this procedure as the most efficient and most complete form of discovery. We find no legal or practical support for the EEOC's position. Chipotle's right to discovery should not be hindered by the opposing party's subjective definition of relevance. Moreover, the EEOC has affirmatively stated that it will not produce Connell's applications or resumes, documents universally needed by an expert economist to opine on damages and failure to mitigate. And, W-2s provide no information about hire date, termination date, rate of pay, hours worked, or reason for termination—all of which is relevant and admissible evidence related to damages.

Finally, the EEOC argues that the subpoena to Bob's Stores, LLC should be quashed because it was served on Connell's "current employer." Motion, at p. 6. The EEOC's argument is incorrect and serves to underscore the importance of Chipotle's right under Rule 45 to obtain relevant information directly from a third-party. Connell ceased working for Bob's Stores on

January 5, 2014—prior to Chipotle's notice of subpoena, prior to Chipotle serving the subpoena and long before the EEOC filed this Motion to Quash. See Separation Form, attached as **Exhibit 2**. Moreover, Connell's resume to Bob's Stores reveals that she has worked for Myriad Ballroom since leaving Chipotle, information that she failed to tell the EEOC when it responded to Chipotle's interrogatories. See resume attached as **Exhibit 3** and Responses to Interrogatory No. 14 attached as **Exhibit 4**.

      The subpoenas, on their face, are narrowly tailored to seek admissible evidence. The information sought is necessary to the defense and poses no burden on any party. Moreover, the EEOC has failed or refuses to provide the information sought, making the subpoenas necessary. For these reasons, Chipotle requests the Court deny the EEOC's Motion to Quash. With this Motion, the EEOC attempts to prevent legitimate discovery without legal support and under facts known to be erroneous prior to the filing of the Motion. The EEOC's Motion unnecessarily increases the costs of this litigation and Chipotle requests its attorney fees related to responding to this Motion, and for such other relief as the Court deems proper.

Dated February 10, 2014

                                          MESSNER REEVES LLP

                                          By:     s/Tanya E. Milligan
                                            Tanya E. Milligan (CO Atty. Reg. #34995)
                                            1430 Wynkoop Street, Suite 400
                                            Denver, CO  80202
                                            Telephone: (303) 623-1800
                                            Facsimile:    (303) 623-0552
                                            tmilligan@messner.com

                                            *Attorneys for Defendant Chipotle*
                                            *Mexican Grill, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of February, 2014, the foregoing **CHIPOTLE'S RESPONSE TO EEOC'S MOTION TO QUASH THIRD-PARTY SUBPOENAS** was served on all parties and other interested persons via email:

Charles F. Coleman, Jr.
Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall St.
New York, NY 10004
charles.coleman@eeoc.gov

                                      */s/ Kim Downes*
                                      Kim Downes